**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Roy Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 6427 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Sharon Johnson Coleman |
| Thomas J. Dart, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

NOW COME Defendant, Sheriff Thomas Dart, through his attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, by and through her Assistant State's Attorney Allyson L. West, and submits this Memorandum of Law in support of his Federal Rule of Civil Procedure (Fed. R. Civ. P.) Rule 56 Motion for Summary Judgment.

## INTRODUCTION

Plaintiff Roy Coleman ("Plaintiff") brings this action claiming he was subjected to unconstitutional living conditions at the Cook County Jail ("CCJ"), Division 3 Annex, Division 6 and Division 8. Defendant moves for summary judgment as Plaintiff has failed to create a genuine issue of material fact regarding his claim and therefore, Defendant is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Plaintiff is currently resides in Chicago, Illinois. *Defendants' Local Rule 56.1(a)(3) Statement of Material Facts (*Def's SOF*)* at *¶*1. On June 16, 2013 the Plaintiff was incarcerated as a pre-trial detainee at CCJ. *Id.* at ¶2. Plaintiff filed this instant case while he was incarnated at CCJ. *Id.* at ¶3. Plaintiff was housed in various Dorms in Division 3 Annex and was also housed

1

in Division 6 and Division 8. *Id.* at ¶¶4; 15; 21. Plaintiff claims that there were numerous problems with Division 3 Annex, including but not limited to, lack of hot water, plumbing issues, bugs, broken tiles, mold, paint chipping, leaking water and cold temperatures. *Id*. at ¶¶ 5-13; 16-19. Additionally, Plaintiff claims there were bugs in Division 6. *Id*. at ¶ 14-15. Finally, Plaintiff claims that the mattress he slept on in Division 8 caused him hip pain. *Id*. at 21.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the court must view all facts and reasonable inferences in favor of the nonmoving party, *Samuelson v. LaPorte Cnty. Sch. Corp.,* 526 F.3d 1046, 1051 (7th Cir. 2008), those inferences must be both reasonable *and* find support in the record. *See Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010)(emphasis added); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005)(the court is not required to accept unreasonable factual inferences). The court is also not required to draw "[i]nferences that are supported by only speculation or conjecture." *Fischer v. Avanade, Inc*., 519 F.3d 393, 401 (7th Cir. 2008)(quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

Summary judgment must be entered against the non-moving party where that party "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate, by specific facts, that there is a genuine issue of

material fact that requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 n.11 (1986).

## ARGUMENT

I. **Plaintiff Has Not Provided Sufficient Evidence to Sustain His Claim of Unconstitutional Living Conditions**

Based on the record evidence, Plaintiff has failed to demonstrate that the alleged conditions he was subject to were sufficiently serious to show his constitutional rights were violated. Therefore, this Court should grant summary judgment in Defendant's favor.

A jail official violates the Eighth Amendment if the official is "deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' including adequate sanitation and personal hygiene items." *Budd v. Motley,* 711 F.3d 840 (7th Cir. 2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, (1994)); *see Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006)). Because the plaintiffs were pretrial detainees at the time they filed suit, their claims are governed under the due process clause of the Fourteenth Amendment. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). This is a distinction without difference, however, as the analysis is the same under both the Eighth and Fourteenth Amendment. *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015).

Analysis of conditions of confinement claims requires a two-part inquiry: (1) objectively, is the injury is sufficiently serious to deprive the prisoner of the minimal civilized measures of life's necessities; and (2) subjectively, was the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *See Farmer,* 511 U.S. at 834; *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal quotation marks and citation omitted). "Deliberate indifference ... means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id.*

A plaintiff's conditions of confinement must result in "extreme deprivations" in order to meet the first prong of the inquiry. *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying the minimal civilized measures of life's necessities' are sufficiently grave to form the basis of [ ] violation.'" *Id.* at 9 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)); *see Wilson v. Seiter,* 501 U.S. 294, 298, (1991). A prisoner is not entitled to "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.3d 1232, 1235 (7th Cir. 1988). When reviewing a conditions of confinement claim, a court is to consider the totality of the conditions to determine if the Constitution has been violated. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir. 1989); *Geder v. Godinez*, 875 F. Supp. 1334, 1341 (N.D. Ill. Jan. 28, 1995) (Bucklo, J.) (defective pipes, sinks and toilets, improperly cleaned showers, stained mattresses, accumulated dust and dirt and infestation by roaches and rats did not rise to level of an Eighth Amendment violation, alone or in combination); *Wilson v. Schomig,* 863 F. Supp. 789, 794-95 (N.D. Ill Sept. 30, 1994) (Aspen, J.) (cell containing dirt, dust, roaches, a leaking roof during rainstorms, and a urine-stained mattress did not violate the Eighth Amendment).

In order to prove the second prong of the inquiry, a plaintiff must show that the defendant was deliberately indifferent. Deliberate indifference is something approaching total unconcern for a plaintiff's welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm. *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir. 1991)); *Solivan v. Dart*, 897 F. Supp. 2d 694, 704 (N.D. Ill. June 14, 2012) (Kendall, J.). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's

failure to prevent it." *Duckworth v. Franzen,* 780 F.2d 645, 653 (7th Cir. 1986), *cert. denied*, 479 U.S. 816 (1986) (abrogated on other grounds). Put another way, a plaintiff must show that the official "realizes that a substantial risk of serious harm to a prisoner exists, but disregards it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015); *Kelley v. Hardy*, 2016 U.S. Dist. LEXIS 91245, at * 20 (N.D. Ill. July 14, 2016) (St. Eve, J.).

  A. *Plaintiff has failed to show that his living conditions were unconstitutional*

Plaintiff has not demonstrated that the alleged living conditions at Cook County Jail during his incarceration were "extreme deprivations" or otherwise rose to the level of violating the Constitution. Therefore, this Court should grant summary judgment in Defendant's favor.

 *i. Allegation of a lack of water/plumbing issues*

Generally, claims relating solely to conditions of a detainee's sink or toilet do not constitute the denial of the minimal civilized measure of life's necessities. No matter how unpleasant the conditions in a detainee's cell might have been if he could not get water to wash his hands or lacked a functioning toilet, "unpleasant conditions that do not result in physical harm do not rise to the level of an Eighth Amendment violation." *Wade v. Haida*, 2013 U.S. Dist. LEXIS 11992 at ** 17-18 (S.D. Ill. Jan. 29, 2013) (Oberto, J.) (citing *Harris,* 839 F.2d at 1235) ("Leaky toilets and puddles are unpleasant but not unconstitutional" and "allegations of water leaking from the toilet and accumulating on the cell floor do not rise to the level of extreme deprivation require to establish an objective violation"). Plaintiff's alleges that water leaked from behind the toilets. However, Plaintiff testified that people would come into fix the toilets and there was never a time when all of the four of the toilets were not working at one time. Def's SOF at ¶¶9-10. Additionally, the Plaintiff testified that there was leak in Division 3, but people came in multiple time work on the issue. Def's SOF at ¶16.

*ii.    Allegations of cold temperatures*

Plaintiff claims that it was cold in Division 3 during the winter months. However, this claim does not sufficiently implicate constitutional concerns. In considering claims of cold temperatures, courts are to consider several factors, including the severity of the cold, its duration, whether the prisoner has alternative means to protect himself from the cold, the adequacy of those alternatives, and whether the prisoner must endure other uncomfortable conditions as well as the cold; no single factor, or even a combination of factors, is determinative of whether there is a constitutional violation. *Dixon*, 114 F.3d at 644. Nevertheless, the simple allegation of a cold cell is not sufficient to state a constitutional claim. *See, e.g., Dixon*, 114 F.3d at 644 ("just because low temperature forces a prisoner to bundle up indoors during winter does not mean that prison conditions violate the Eighth Amendment"); *Mays v. Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner's complaint about inadequate winter clothing "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter"); *cf., Smith v. Debruyn*, 1996 U.S. App. LEXIS 18424, at * 16 (7th Cir. 1996) (unpublished opinion) (affirming district court's dismissal pursuant to Rule 12(b)(6) where inmate claimed prison was unclean, noisy, drafty, cold, and unsafe); *Miller v. Ryker*, 2012 U.S. Dist. LEXIS 120785 at *22-27 (S.D. Ill. 2012) (dismissing claim that inmate's cell was unnaturally cold, extremely cold one night, that the inmate was denied an extra blanket, and that the water was freezing cold, because at most those claims demonstrated the inmate's cell was uncomfortable, "but that does not state a claim for cruel and unusual punishment"). At least one district court has relied on sources outside the record in assessing temperatures in response to claims of "below-freezing temperatures." *Gurley*, 2009 U.S. Dist. LEXIS 62995, at * 6 n.4 (citing "WGN Weather Center Blog"). Another

6

consideration in assessing claims of cold temperatures is that whether or not the temperature is cold is a subjective feeling that varies from person to person. Simply asserting it was cold is not sufficient to meet the objective prong of the deliberate indifference test. *See Jordan v. Summers*, 205 F.3d 337, 344 (7th Cir. 2000) (conclusory statements, indications of opinion or speculation do not produce a genuine issue of material fact); *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999) *cert. denied*, 120 S. Ct. 446 (1999); *McMillian v. Svetanoff*, 878 F.2d 186, 191 (7th Cir. 1989) (subjective belief does not raise a genuine issue of material fact).

Plaintiff testified that he was provided with "triple" blankets during the winter months when he claims it was cold. Def's. SOF at ¶ 7. Therefore, evidence that the Defendant did take action to tend to Plaintiff's complaints. Additionally, Plaintiff testified that the water was cold during the winter months. However, Plaintiff further testified that he saw people working on the boiler and in the shower area all the time in attempts to correct this problem. Def's SOF at ¶ 6. Again, Plaintiff's own testimony reveals that the Defendant was actively addressing such issues.

      iii.     *Allegations of mold/mildew*

Plaintiff testified that there was mold in the bathroom and shower area of Division 3. *Id.* at ¶ 18. However, the mere presence of some dirt, mold, or mildew does not establish the type of severe deprivation needed to establish a constitutional violation. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) (failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not cruel and unusual punishment). Although courts have indicated that the presence of mold can establish an unconstitutional living condition, those courts found that the presence of mold was sufficiently serious when it caused physical problems. *See Thomas v. Cox*, 2011 U.S. Dist. LEXIS 82041, at * 4 (S.D. Ill. July 27, 2011) (Murphy, J.); *see also Stanley v. Page,* 44 Fed. Appx. 13, 15 (7th Cir. 2002) (unpublished

opinion) (prisoner complained of headaches from peeling paint in his cell, but presented no evidence establishing that the peeling paint was the actual cause of his headaches). However, conclusory allegations, without backing from medical or scientific sources, that the mold or mildew exposed Plaintiff to diseases and caused injuries which he would not otherwise have suffered are insufficient to survive summary judgment. *See Dixon*, 114 F.3d at 645; *see also Vasquez v. Frank*, 290 Fed. Appx. 927, 929 (7th Cir. 2008); *Walker*, 2010 U.S. Dist. LEXIS 85230, at \*\* 15-16.

In *Granville v. Dart,* the plaintiff alleged that he was subjected to unconstitutional living conditions at the CCJ by being exposed to, *inter alia*, mold and mildew. *Granville v. Dart*, 2011 U.S. Dist. LEXIS 25683, \*\* 5-8 (N.D. Ill. March 11, 2011) (Leinenweber, J.). The district court granted summary judgment on that claim in defendants' favor and held that the plaintiff failed to make a triable showing that mold and mildew caused any significant health problems. *Id.* at \* 17. The court specifically held that the plaintiff's subjective belief that mold and mildew caused headaches and shortness of breath, without any medical evidence to substantiate that belief, is insufficient for the matter to proceed to trial. *Id.* at \* 18.

Two courts in the Northern District recently granted summary judgment in favor of the defendants on claims of unconstitutional living conditions as a result of mold and mildew. In *Murray v. Godinez*, the plaintiff alleged that there was mold throughout his cell at the Stateville Correctional Center. *Murray v. Godinez*, 2016 U.S. Dist. LEXIS 27276, at \* 8 (N.D. Ill. Feb. 19, 2016) (Norgle, J.). The undisputed facts showed that the plaintiff's only evidence of the presence of mold was his statement that he knew what mold looked like, and that at least some cleaning supplies were available to him. *Id*. at \*\* 8-9. The district court granted summary judgment in the defendants' favor on the plaintiff's claim that mold and mildew constituted an unconstitutional

8

living condition. *Id.* at *39. The court held that because of a lack of any evidence that the presence of mold caused the plaintiff any physical difficulties and that the plaintiff had access to cleaning supplies, he could not succeed on his claim. Much like in *Murray,* Plaintiff alleges that he saw mold and mildew but Plaintiff does not make any allegations of illness as a result. *Def. SOF* at ¶18. Additionally, Plaintiff testified that individuals would come into clean the shower area where he alleged the mold was. He testified that the mold would be gone following the cleaning but would return again. *Id.*

Similarly, in *Moore v. Lemke*, the plaintiff's claim of exposure to mold and mildew failed to reach the level of being a constitutional violation. *Moore v. Lemke*, 2016 U.S. Dist. LEXIS 116678, at ** 12-13 (N.D. Ill. Aug. 30, 2016) (Coleman, J.). The court found that the plaintiff's allegations of the presence of mold and mildew amounted to nothing more than "relatively minor unpleasantness." *Id*. Following the holdings and rationale of courts in this Circuit, unless a plaintiff can present evidence that the presence of mold or mildew caused him to suffer physical harm – and to support that claim with medical evidence linking the exposure and injury – he cannot defeat summary judgment.

  iv. *Allegations of rodents/insects*

Finally, the Plaintiff testified that there was a rodent and pet problem while he was incarcerated in CCJ. *Def. SOF* at ¶ 17; 12. Pest infestations may form the basis of a Fourteenth or Eighth Amendment conditions of confinement claim. *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996); *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). "Depending on how extensive the infestation of a prisoner's cell is, what the infesting pests are, what odors or bites or risk of disease they create, what particular psychological sensitivities the prisoner was known to have . . ., and how long the infestation continues, a trier of fact might

9

reasonably conclude that the prisoner had been subjected to harm sufficient to support a claim of cruel and unusual punishment." *Thomas,* 697 F.3d at 614; *see, e.g., Smith*, 803 F.3d at 312 (affirming dismissal of claim based on presence of rodents and insects where pretrial detainee did not describe the scope of the infestation or how it affected him). The failure of prison officials to keep vermin under control in a crowded jail does not violate the Constitution. *Ware v. Fairman*, 884 F. Supp. 1201, 1207 (N.D. Ill. April 25, 1995) (Castillo, J.).

Whether a plaintiff has shown a physical injury from rodents or bugs may also defeat a claim of deliberate indifference. *White v. Monohan,* 326 Fed. Appx. 385, 388 (7th Cir. 2009) (describing as a "close call" whether plaintiff's five-year exposure to roaches, mice, bees, and wasps that stung and bit detainee leaving scars on his legs, arms, and back, stated a claim of unconstitutional condition of confinement); *Moore v. Monahan*, 2009 U.S. Dist. LEXIS 9266, at * 21 (N.D. Ill. Feb. 9, 2009) (St. Eve, J.) (five and one-half months of exposure to insects, during which inmate was never bitten, did not amount to a constitutional violation); *Gurley*, 2009 U.S. Dist. LEXIS 62995, at * 15 (granting summary judgment where the plaintiff's claim of "frequent encounters with rodents and cockroaches, however unpleasant, did not cause [the plaintiff] physical injury"); *Walker*, 2010 U.S. Dist. LEXIS 85230, at * 19 (although "the presence of vermin in the plaintiff's housing unit is entirely unacceptable [ ,] the plaintiff cannot recover damages because he has not shown physical injury."). Indeed, a plaintiff must not only show there is a persistent rodent or insect problem, but also "significant physical harm." *Antonelli*, 81 F.3d at 1431. Here, Plaintiff testified that he was never bitten by a spider. Def's SOF at ¶ 12. Additionally, Plaintiff testified that he was given cleaning supplies, bleach, to put in the shower drain where he testified flies would be. Def's SOF at ¶ 13. However, Plaintiff did testify that he was bitten by bed bugs once or twice, but he did not tell anyone about this alleged bed bug

10

problem nor did he seek treatment or any bites. Def's SOF at ¶ 14. Therefore, the Defendant was never put on notice of such alleged problem and therefore never given the chance to remedy such problem.

In *Sain v. Wood*, the Seventh Circuit held that the plaintiff's conditions did not amount to a constitutional deprivation where during a six-year period, the plaintiff often saw several cockroaches in his cell, was twice bitten by cockroaches, but a pest exterminator visited sprayed every month or month and a half. *Sain*, 512 F.3d 886, 894 (7th Cir. 2008). The fact that measures were taken to alleviate the presence of rodents and insects negated the presence of any deliberate indifference. *Id.* at 895.

*v. Miscellaneous allegations*

Plaintiff alleges that he lacked privacy while showering and that there were missing tiles and broken floor. Def's SOF at ¶ 8; 20. Plaintiff additionally, alleges that he did not have enough time to shower. *Id.* at ¶ 17. These allegations do not rise to the level of a constitutional violation. As stated above, a prisoner is not entitled to "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.3d 1232, 1235 (7th Cir. 1988). Plaintiff's allegations are mere inconveniences and not conditions of confinement that rise to the level of a constitutional violation.

Finally, Plaintiff claims that the mattress he slept on while housed in Division 8 caused his hip to hurt. Def's SOF at ¶ 21. However, the Plaintiff testified that he was seen by a doctor regarding this alleged pain. *Id*. Additionally, the Plaintiff testified that he complained to officers and the ladies in the pharmacy area. *Id*. at ¶ 22. However, he does not recall any of these individuals' names. *Id.* By Plaintiff's own admissions that he was seen and treated by a doctor

11

demonstrates that there is no evidence that the Defendant was deliberately indifferent to his needs.

For these reasons, Plaintiff has failed to demonstrate that his living conditions were sufficiently serious to implicate the Constitution and Defendant is entitled to judgment as a matter of law.

B. *Plaintiff has presented no evidence to demonstrate that Defendant was deliberately indifferent*

Even if this Court finds that Plaintiff has shown that the alleged conditions of confinement were objectively serious, the Defendant was not deliberately indifferent to his needs.

In the instant case, and as discussed above, the steps at CCJ with regard to conditions of confinement, as reflected by the Monitor's findings and memorialized in the Monitor's reports issued for the relevant time period, demonstrate that Sheriff Dart's alleged actions do not rise to the level of deliberate indifference. *Hudson v. Preckwinkle*, 2015 U.S. Dist. LEXIS 41981, at \*\* 73-74 (N.D. Ill. Mar. 31, 2015) (Kendall, J.) (finding that "[t]he affirmative steps that Defendants have taken since the entry of the Federal Agreed Order cannot in any sense be characterized as deliberate indifference"); *see Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000) (the "existence or possibility of other better policies, which might have been used does not necessarily mean that the [Sheriff] was being deliberately indifferent."); *cf. Montano v. City of Chicago*, 535 F.2d 558, 571 (7th Cir. 2008) (internal report that discusses problems with the police department's investigations of excessive force does not show deliberate indifference, but an attempt to identify or fix the problem).

Regarding alleged cold conditions, Plaintiff has failed to show that there was any deliberate indifference to the alleged cold conditions. Twice a day, members of Facilities

Management, which is part of Cook County, monitor the temperatures in the living units at Cook County Jail. This is a clear indication that the temperature was being monitored closely. *See Carreon v. Thomas*, 2014 U.S. Dist. LEXIS 1593, at * 10 (N.D. Ill. Jan. 7, 2014) (Pallmeyer, J.) (finding no deliberate indifference where Facilities Management staff checked the temperature in the area where the plaintiff was housed and the readings were between 67 and 78 degrees). That these daily inspections took place is corroborated by Plaintiff own testimony. Moreover, when temperatures were not within those guidelines, detainees were relocated to different areas with CCJ. Perhaps Plaintiff perceived the conditions to be cold, but there is nothing to refute the fact that temperatures are checked every day and that they were within a range to ensure Plaintiff's – and other detainees – comfort. Finally, Plaintiff testified that was given triple blankets. *Def. SOF* at ¶ 7. All of these actions fail to establish that the Defendant was deliberately indifferent to the alleged cold conditions.

 Plaintiff has also failed to show that the water situation in his living unit evidenced deliberate indifference. From Plaintiff's own testimony, individuals came in to work on the leaks and toilets when they were not working. *Id*. at ¶ 9. Moreover, Plaintiff was never unable to use a toilet when needed. *Id*. at ¶ 10. There is nothing to demonstrate any actions that would rise to the level of a constitutional violation. Additionally, Plaintiff testified that CCJ personnel attempted to fix each problem he claims he experienced, and provided him with treatment to deal with the hip pain Plaintiff may have experienced. *Id.* at ¶¶9-22.

 Moreover, as various findings by the federal Monitor, Harry Grenawitzke, in *United States v. Cook County, et al.*, 10 C 2946, Dkts. 109, 164, 212, 233, 264, 288, 316, 327, 346, make clear, CCJ has made extensive efforts to improve the conditions of confinement at CCJ. Specifically, Monitor Grenawitzke's Report No. 8, dated May 17, 2014, shortly after the time

period Plaintiff complains about: commends Sheriff Dart for the efforts to improve conditions at CCJ; reports substantial compliance with 37 of 39 provisions; reports "considerable improvement in cleanliness in Divisions 3, among other improvements. (Dkt. 233.) More detailed provisions in the remainder of the report recount the significant steps taken to improve conditions at CCJ, as well as the significant improvement during previous months and years— *i.e.* Plaintiff's time at CCJ.

For these reasons, Defendant's actions were not deliberately indifferent and this Court should grant summary judgment in his favor.

## II.     Plaintiff Has Failed to Present Evidence of a Physical Injury and Thus He is Barred From Receiving Compensatory Damages

Plaintiff has not suffered any physical injury as a result of the alleged living conditions and therefore under the PLRA he is barred from receiving compensatory damages. Therefore, this Court should find, as a matter of law, that Plaintiff cannot recover compensatory damages based on the record evidence.

Under the PLRA, a prisoner or pretrial detainee may not recover damages for mental or emotional suffering under section 1983 without a prior showing of physical injury. 42 U.S.C. § 1997e(e); *see Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003) ("We believe that . . . § 1997e(e) forecloses an action for nominal or punitive damages for an Eighth Amendment claim involving no physical injury"); *Zehner v. Trigg*, 133 F.3d 459, 462-63 (7th Cir. 1997); *Gurley v. Sheahan,* 2009 U.S. Dist. LEXIS 62995, at ** 15-17 (N.D. Ill. July 21, 2009) (Pallmeyer, J.) (citing 42 U.S.C. § 1997e(e)) (failure to suffer a physical injury prevents recovery under section 1983); *Pritchett v. Page*, 2000 U.S. Dist. LEXIS 11559, at * 19 (N.D. Ill. Aug. 9, 2000) (Nordberg, J.). Even circumstances that appear to constitute a constitutional violation are

insufficient if the plaintiff fails to prove a physical harm. *See Harris,* 839 F.2d at 1235 (being deprived of toilet paper for five days; not provided with soap, toothpaste, or a toothbrush for 10 days; and kept in a filthy, roach-infested cell for 28 days does not violate the constitution, where the conditions were temporary and affected only one prisoner, and the affected inmate suffered no physical harm).

Although Plaintiff may be entitled to nominal damages, which are no more than $1.00, *Carey v. Piphus*, 435 U.S. 247, 267 (1978), this Court should rule, as a matter of law, that Plaintiff is not entitled to compensatory damages.

## CONCLUSION

WHEREFORE Defendant, for all of the foregoing reasons, respectfully request that this Honorable Court grant Defendant's summary judgment along with fees and costs, and further, that this Court dismiss Plaintiff's Complaint as frivolous and assess a strike and/or sanctions or any other relief this Court deem appropriate.

                                              Respectfully submitted,

                                              KIMBERLY M. FOXX
                                              State's Attorney of Cook County

                                              /s/ Allyson L. West
                                              Assistant State's Attorney
                                              500 Richard J. Daley Center
                                              Chicago, IL 60602