**MOTIONS FOR SUMMARY JUDGMENT**

You are the plaintiff, the person suing. Let's say that you claim the conditions where you were you were housed at in Cook County jail were terrible, rodent-infested, dirty, etc, that these conditions violated your constitutional rights. Now let's say that the defendants have filed a "motion for summary judgment." What does this motion mean to your case, and how do you defend against it? The following memorandum will address:

    (1) What to expect in defendants' motion for summary judgment (the nature and contents of the motion);

    (2) What to include when defending against / opposing defendants' motion for summary judgment;

    (3) How the Court will decide whether to grant defendants' motion for summary judgment;

    (4) Next steps after summary judgment in the litigation process.

**(1) <u>What to expect in defendants' motion for summary judgment (the nature and contents of the motion</u>**

Defendants often file motions for summary judgement in prisoner civil rights cases where they think the plaintiff does not have a case, that he should not have a trial before a judge or a jury.

In such a motion, defendant contends that plaintiff's proof fails to meet the legal standards necessary to prove his case–that no reasonable jury could find that defendant acted wrongfully. In other words, there is no question of fact for the jury (or the judge hearing the case

1

without a jury) to decide; that plaintiff's case should not have a trial and his case should be dismissed.

For example, where plaintiff complains about his jail cell conditions of confinement (cold, rodents, etc), defendants in their motion argue there is no evidence that the conditions amounted to a violation of the 14th Amendment to the Constitution of the United States. In other words, without question, defendants acted reasonably under the circumstances.

You the plaintiff must then file materials in opposition to the summary judgment motion. Your goal will be to show there are genuine issues of fact that a jury or judge must decide; and that as a result, defendants' summary judgment motion should be denied.

a) <u>Contents</u>:
   a. The Motion for Summary Judgment
   b. The Memorandum of Law
   c. Exhibits
   d. Statement of Uncontested Facts
b) <u>The Motion for Summary Judgment</u>: This is the first page of the packet of documents you received from defendants. It is often entitled "Defendants' Motion for Summary Judgment." It usually will be a short statement that defendant is entitled to summary judgment as a matter of law based on the facts of the case and the applicable law.
c) <u>Memorandum of Law</u>:  Defendants will set out the facts which they believe are established by the pleadings, attached affidavits, deposition excerpts, and other relevant documents. Copies of these documents are usually attached to the memorandum as exhibits. In the memorandum, defendants will discuss the applicable principles of law: when the Court should grant a summary judgment motion and cases that set out the

standards to establish what a plaintiff must prove to show that the conditions of confinement violated the U.S. constitution. The defendants will then state the reasons why plaintiff does not possess sufficient proof to show a constitutional violation and that the motion for summary judgment should be granted. This document is normally several pages.

d) <u>Statement of Uncontested Facts</u>: The Local Rules of this court establish a procedure for setting out the facts which defendant believes cannot be contested or denied by you, the plaintiff. With each fact statement, defendant will refer specifically to the materials attached to the memorandum of law (for example, deposition excerpts). This statement of facts provides a roadmap to the court for the court to decide whether there is a genuine dispute between the parties. If the plaintiff can show that there is a genuine dispute about the facts and materials the defendant relies on, then the court will deny the defendants' motion for summary judgment.

**(2) What to include when defending against / opposing defendants' motion for summary judgment**

Once you, the plaintiff, receive defendants' motion for summary judgment, you will have the opportunity to respond and convince the court that there is a genuine dispute as to the facts of your case from which a jury could reasonable infer that your conditions of confinement violated the U.S. Constitution.

a) <u>Contents of response</u>:

   a. A memorandum of law opposing defendants' motion for summary judgment;
   b. Exhibits;
   c. A response to defendants' statement of uncontested facts

b) <u>A Memorandum of Law</u>: Prepare your own memorandum in opposition to defendants' motion. This memorandum should follow the same outline or format of the defendants: your own Statement of Facts (with reference to the materials that support each fact) in the light that most favors you. Select those facts which demonstrate why your conditions of confinement violated the Constitution; then argue that these facts create a genuine issue of fact; and that, as a result, defendants' summary judgment motion should be denied. If you think it is necessary, add to the legal citations that better explain the law than defendants did or show that the cases they cite or discuss in their memorandum are irrelevant or actually support your position. Then attach as exhibits to the memorandum the materials you claim support your position (see next section below for more regarding exhibits). An Amicus Brief has been provided to you and to the Court, you may cite to the brief if you would like but the Court will take the brief into account even if you do not.

c) <u>Exhibits</u>: Just as the defendants did, gather the materials which you believe show that there are genuine issues of act which demonstrate why defendants' motion should be denied. These materials should be marked as exhibits ("#1, #2" and so on). Your materials may be in the same form as defendants'. For example:

- Your affidavit or the affidavit of others (other prisoners) that, among other things, describes the conditions of confinement you believe are unconstitutional.

- Excerpts or portions of deposition transcripts that show the same thing, if depositions were taken and you have the transcripts of the depositions. You

   can also refer to portions of deposition transcripts defendants have filed if they support your position.

- Official documents, like your grievances and the prison's response to them, and/or any reports of jail conditions you received from the jail either informally or by court discovery.

- Anything else you think supports your claim of unconstitutional conditions.

d) <u>Response to Defendants' Statement of Uncontested Facts:</u>

- Prepare a separate document entitled "Plaintiff's Response to Defendants' Statement of Uncontested Facts."

- For each of the numbered paragraphs in Defendants' Statement, write whether you agree with the statement or disagree with the statement of fact. If you disagree with a statement, refer by exhibit number to the material you have collected that supports your denial of a particular fact statement. When citing to the record, be specific, for example, for depositions, you should list the name of the witness, and the page of the transcript of cited deposition testimony. When citing to affidavits, include the name the affiant, the page number and paragraph number.

- If you believe that the defendants' Statement of Uncontested facts does not refer to facts you know about that support your position, insert in your own Statement of Facts an additional section: here, in separate, numbered paragraphs, state each new fact with reference by exhibit number to the materials you have created or assembled that support each of your new facts.

- You also need to explain how the documents or declarations that you are submitting support your version of the facts. A declaration is a signed statement by a witness. The declaration must end with the following phrase: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct." The declaration must also be dated.

    i. Example of response to proposed statement of fact:

        1. Defendant's proposed statement of fact:

            a. Officer Jones gave Plaintiff Smith three extra blankets on December 20, 2015. (John Jones Declaration, May 10, 2016, p. 1, ¶ 5.)

        2. Plaintiff's response to defendant's proposed statement of fact:

            a. Disputed. Officer Jones gave Plaintiff Smith one extra blanket on December 20, 2015. (Sam Smith Declaration, p. 1, ¶ 3.)

e) <u>Points to Remember:</u>

- You cannot rely on your complaint's allegations, even if it is under oath. You must create your own affidavit that sets out fact allegations (even if they are in your complaint).

- Your affidavit must contain specific fact statements, not just conclusions like "conditions were bad." You must set forth specific facts like there were rodents, the cell was filthy, it was never cleaned, in winter it was ___degrees in the cell, etc.

- Select only those facts which relate to your conditions of confinement and the harm or discomfort you suffered as a result of those conditions. Don't refer to facts that do not relate to the conditions of confinement or your harm–for example, that a correctional officer spoke disrespectfully to you.

6

- Conclude with your signature, address and a statement that you sent a copy to defendants' attorneys.

**(3) <u>How the Court will decide whether to grant defendants' motion for summary judgment</u>**

The Judge (the Court) will then review the materials that the parties have submitted (which may include a Reply by defendants to your opposition memorandum) to determine if there are genuine issues of fact that require defendants' motion to be denied; or that taking plaintiff's materials and argument into consideration, there are really no genuine issues of fact for a jury (or judge hearing the case without a jury) to decide; and that under the applicable law whether conditions are unconstitutional, defendants' motion for summary judgment should be granted.

In ruling on the motion, the Court will review the evidence in the light most favorable to you, the plaintiff. It will not decide who to believe or not believe.

The Court will usually write and order or opinion that explains the reasons for its ruling; and that order/opinion will be delivered to you.

**(4) <u>Next steps after summary judgment in the litigation process</u>**

<u>What happens if the Court grants the defendants' summary judgment motion?</u> Then the case will be over in its entirety or at least for that portion of the case to which defendants' motion applied. And you can then consider whether you want to appeal.

<u>What happens if the Court denies the summary judgment motion?</u> If defendants' motion is denied, that means that plaintiff (you) has shown that there are genuine issues of fact from

7

which a jury (or the Court sitting without a jury) could reasonably find for the plaintiff. The Court will usually then set the case for trial.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| [Your name here] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | [Case No. here] |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| [Defendant's name here] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 RELATING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Pro se* Plaintiff, [Your name here], objects and responds to Defendant's Local Rule 56.1 Statement of Material Facts relating to its Motion for Summary Judgment as follows:

1. Defendant is a prison, located in Cook County, Illinois. *See* Answer, Dkt. No. 2, ¶ 4.

**RESPONSE:**

   Admitted

2. The plaintiff, John Doe ("Mr. Doe"), is a citizen of the state of Illinois and was at all times referenced in the Complaint a resident of the State of Illinois. *See* Complaint, Dkt. No. 1, ¶ 5; Affidavit, Dkt. No. 6, ¶ 3.

**RESPONSE:**

   Admitted

3.

4. This Court has original subject matter jurisdiction in this lawsuit pursuant to 42 U.S.C. § 1983. *See* Complaint, Dkt. No. 1, ¶ 1.

**RESPONSE:**

       Admitted

5.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. *See* Complaint, Dkt. No. 1, ¶

**RESPONSE:**

       Admitted

7.      On or about October 12, 2015, the plaintiff was assaulted by a group of prison inmates. *See* Affidavit, Dkt. No. 15, ¶ 9; Complaint, Dkt. Nos. 1-2, Ex. B.

**RESPONSE:**

       Admitted

8.      Security guards of the defendant's prison were not present, nor did not witness, the attack on the plaintiff. *See* Affidavit, Dkt. No. 15, ¶ 10; Complaint, Dkt. Nos. 1-3, Ex. C; Answer, Dkt. No. 33, ¶ 12.

**RESPONSE:**

       Disputed. The record citation does not support this fact. *See* Dkt. No. 17, ¶ 23 (Officer Davis stated that he was on duty, and heard the plaintiff scream for help).

9.

10.     Plaintiff filed its Complaint *pro se* on January 10, 2016.

**RESPONSE:**

       Admitted

11.     On January 18, the defendant was served with a Summons and a copy of the Complaint. *See* Dkt. No. 7.

**RESPONSE:**

      Admitted

12.

Respectfully Submitted,

Dated: March 14, 2016              By: /s/ [Your name here]
[contact information]